FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 MAY 19 PM 3:01
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

JOSEPH PAYNE,                     *
                                  *
    Plaintiff,                    *
                                  *
    v.                            *    CV 319-080
                                  *
WALMART,                          *
                                  *
    Defendant.                    *

O R D E R

On November 22, 2019, Plaintiff Joseph Payne, who is proceeding pro se, filed an amended complaint in this case against Defendant Walmart upon direction of the United States Magistrate Judge. (Doc. No. 9.) The amended complaint should be the operative complaint in the case.[1] Walmart now seeks to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon consideration of the complaint, the parties' briefs, and the applicable law, the motion to dismiss is granted.

The sole allegation in the amended complaint states: "On 12-22-2014, I was unlawfully and wrongfully accused of shoplifting by Walmart and law enforcement, which led to false arrest/false

---

[1] See note 2, infra.

imprisonment (wrongful detention/arrest)." (Doc. No. 9, Section III, at 4.) In its motion to dismiss, Walmart provides a more detailed factual background gleaned from the allegations of Payne's originally filed complaint,[2] to wit: Payne was approached by a Walmart loss prevention officer on December 22, 2014 because he had been observed placing merchandise in his backpack. The Walmart employee detained Payne until Officer Nobles of the Dublin City Police arrived. Officer Nobles searched the backpack; while he did not find any Walmart merchandise, he did discover a firearm.

---

[2] Payne's original complaint was two handwritten pages captioned "Complaint" with no indication of who the defendants were to be. (Doc. No. 1.) In ordering Payne to file an amended complaint, the Magistrate Judge expressly warned him that his amended complaint would supersede and replace in its entirety the original two-page complaint and that no portion of the original complaint could be incorporated into the amended complaint by reference. (Order of Nov. 5, 2019, Doc. No. 8, at 2-3.) Upon receiving the amended complaint, which clearly indicated that Payne was only pursuing Walmart as a defendant, the Magistrate Judge recommended the case be dismissed on statute of limitation grounds. (Report & Recommendation of Dec. 4, 2019, Doc. No. 10.) The Report and Recommendation was later vacated upon consideration of the state court's Order for Nolle Prosequi entered on June 5, 2018. The Magistrate Judge directed the filing of a second amended complaint by January 21, 2020. (See Order of Jan. 7, 2020, Doc. No. 13.) Payne did not comply with this directive. Rather than demand compliance and possibly dismissing the case for failure to comply with a court order, the Magistrate Judge directed the United States Marshals Service to serve the original two-page complaint upon Walmart. (See Order of Feb. 20, 2020, Doc. No. 14 (wherein no mention is made of the Order of Jan. 7, 2020 directing the filing of a second amended complaint).) The Magistrate Judge no doubt gave this pro se plaintiff the benefit of liberally construing his pleadings to cobble together a complaint from the originally filed two-page complaint and the amended complaint of November 22, 2019. This Court will proceed to analyze the sufficiency of these two pleadings taken as a whole.

2

Payne did not have a Georgia weapons carry license. Officer Nobles arrested Payne for shoplifting and carrying a weapon without a license. (See Doc. No. 1, at 1-2.) According to an Order of the Laurens County Superior Court, these charges were dismissed pursuant to an Order for Nolle Prosequi on June 5, 2018. (Doc. No. 1, at 3.)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the complaint. Harris v. Proctor & Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir. 2014) (citation omitted). Therefore, the court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). Importantly, it is "necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Frazile v. EMC Mortg. Corp., 382 F. App'x 833, 836 (11th Cir. 2010) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Moreover when, on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is

appropriate. See Allen v. USAA Cas. Ins. Co., 790 F.3d 1274, 1278 (11th Cir. 2015).

False imprisonment in Georgia is "the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty." O.C.G.A. § 51-7-20. A claim for false arrest in Georgia is an arrest under process of law, without probable cause and made maliciously. Simmons v. Mableton Fin. Co., 562 S.E.2d 794, 797 (Ga. Ct. App. 2002).

In this case, Payne admits that while he was detained by a Walmart loss prevention employee, he was arrested by Officer Nobles of the Dublin City Police. Accordingly, Payne has alleged no facts that would support a claim for false arrest against Walmart. Moreover, Payne fails to allege essential elements in his claim for false arrest, namely that he was arrested with malice and without probable cause. In fact, Payne admits that he had a firearm in his backpack without a legal license to carry it. Probable cause existed at the time of arrest. In short, Payne has wholly failed to a state a claim of false arrest.

With respect to his false imprisonment claim, such claim must be brought within two years of its accrual. See O.C.G.A. § 9-3-33 (applicable to personal injury actions). An action for false imprisonment accrues when the alleged false imprisonment ends. E.g., Reese v. Clayton Cnty., 363 S.E.2d 618, 620 (Ga. Ct. App. 1987) ("The action must be brought within two years of its accrual,

which is the release from imprisonment."). In this case, Payne admits that his alleged unlawful detention by a Walmart employee ended on December 22, 2014 when he was arrested by Officer Nobles. Thus, his claim for false imprisonment against Walmart brought almost 5 years later, is barred by the statute of limitation.

Upon the foregoing, Plaintiff Joseph Payne's claims of false arrest and false imprisonment (or detention) against Walmart fail to state a claim upon which relief may be granted. Accordingly, Defendant Walmart's motion to dismiss (doc. no. 20) is **GRANTED**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of May, 2020.

_____
UNITED STATES DISTRICT JUDGE